**E-filed on 7/26/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN B. DOMBKOWSKI, JUAN M. CHAVEZ, CHRISTINA LOPEZ, KATHERINE MYLES, and DEE DEE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | Case Number C 05-00736 JF<br><br>ORDER DENYING MOTION TO REMAND ACTION TO STATE COURT<br><br>[Docket No. 9] |

Plaintiffs Justin B. Dombkowski, Juan M. Chavez, Christina Lopez, Katherine Myles and Dee Dee Smith move to remand the instant action to the Santa Cruz Superior Court. Defendant Safeway Inc. ("Safeway") opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on July 15, 2005. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Plaintiffs formerly were apprentice clerks employed by Safeway. During the course of Plaintiffs' employment, Safeway and local chapters of the Union Food & Commercial Workers Union entered into Collective Bargaining Agreements ("CBAs") that established employees'

wages pursuant to Wage Rate sheets. The CBAs provided, among other things, that each apprentice clerk would receive a set increase in pay commencing upon completion of 520, 1040, 1560 and 2080 work hours. Safeway did not increase Plaintiffs' wages on the precise dates Plaintiffs reached these hourly benchmarks; instead, it applied the increased wages to the next pay period, which in some cases was several hours or days after the benchmark had been reached.

On January 7, 2005, Plaintiffs filed their initial complaint against Safeway in the Santa Cruz Superior Court. On February 8, 2005, Plaintiffs filed a first amended complaint, alleging violations of the California Labor Code. On February 18, 2005, Safeway removed the action to this Court on the ground that Plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge*, 861 F.2d at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

Removal may be improper due to lack of subject matter jurisdiction in federal court. A motion for remand due to lack of subject matter jurisdiction may be raised at any time, either by the parties or *sua sponte* by the Court. 28 U.S.C. § 1447(c); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

## III. DISCUSSION

Any claim for relief that "can be resolved only by referring to the terms of the [collective bargaining] agreement" is preempted by section 301 of the LMRA. *Cook v. Lindsay Olive Grower*, 911 F.2d 233, 237 (9th Cir. 1990). Plaintiffs' claims are based upon Safeway's alleged

failure to comply with the schedule of wage increases provided in the CBAs. Plaintiffs assert that they were entitled to the wage increases immediately upon reaching the various hourly benchmarks established by the CBAs.[1] Safeway asserts that the wage increase became effective for the pay period following completion of the hourly benchmarks. Safeway contends that payment of the increased wages effective upon commencement of the next pay period is an established past practice that must be considered in interpreting the CBAs.

It is well established that the parties' practices, usage and custom are of significance in interpreting collective bargaining agreements, as such agreements may include implied as well as express terms. *Conrail v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 311 (1989). Even if the CBA itself is unambiguous, as Plaintiffs contend the instant agreements are, "[t]he Ninth Circuit rule is that evidence of both bargaining history and the parties' past practices is admissible." *Warehousemen's Health and Welfare Fund v. IT Corp.*, 524 F. Supp. 96, 97 (C.D. Cal. 1981).

This Court concludes that adjudication of Plaintiffs' claims requires interpretation of the CBAs and, in particular, requires consideration of evidence of Safeway's past practices of paying its employees the subject increase effective upon commencement of the next pay period. Accordingly, the action properly was removed.

## IV. ORDER

The motion to remand is DENIED.

DATED: July 26, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

---

[1] For example, if the benchmark was 520 hours, Plaintiffs assert that they were entitled to increased wages for hour 521 and all hours thereafter.

3

1 | This Order has been served upon the following persons:

2 | John McBride — jmcbride@wmjpr.com

3 | R. Brian Dixon — bdixon@littler.com

4 | Philip Ross — plross@littler.com

5 | Laura Hayward — lhayward@littler.com

4

Case No. C 05-00736 JF
ORDER DENYING MOTION TO REMAND
(JFEX3)