R. BRIAN DIXON, CA Bar No. 76247
PHILIP L. ROSS, CA Bar No. 90042
LAURA E. HAYWARD, CA Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN B. DOMBKOWSKI, JUAN M. CHAVEZ, CHRISTINE LOPEZ, KATHERINE MILES and DEE DEE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY INC. and DOES 1 to 10, inclusive,<br><br>Defendants | Case No. C-05-0736 JF<br><br>[PROPOSED] ORDER GRANTING DEFENDANT SAFEWAY INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: December 2, 2005<br>Time: 9:00 a.m.<br>Courtroom: 3. 5th Floor<br>Judge: Hon. Jeremy Fogel |

Defendant Safeway hereby submits for the Court's consideration the attached revised "Proposed Order" Granting Safeway's Motion For Summary Judgment, which reflects the Plaintiffs' recently filed <u>Non-Opposition</u> to the granting of Safeway's motion.

Dated: November 14, 2005        Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _/s/ Philip L. Ross_____
PHILIP L. ROSS
Attorneys for Defendant
SAFEWAY INC.

[PROPOSED] ORDER GRANTING DEFENDANT 'S MOTION FOR SUMMARY JUDGMENT

Case No. C 05 0736 JF

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**E-filed 11/16/05**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN B. DOMBKOWSKI, JUAN M. CHAVEZ, CHRISTINE LOPEZ, KATHERINE MILES and DEE DEE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY INC. and DOES 1 to 10, inclusive,<br><br>Defendants | Case No. C-05-0736 HRL<br><br>**ORDER GRANTING DEFENDANT SAFEWAY INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: December 2, 2005<br>Time: 9:00 a.m.<br>Courtroom: 3. 5th Floor<br>Judge: Hon. Jeremy Fogel |

A motion having been made by Defendant Safeway Inc. ("Safeway") for summary judgment in its favor and against Plaintiffs Justin B. Dombkowski, Juan M. Chavez, Christine Lopez, Katherine Miles and Dee Dee Smith (collectively the "Plaintiffs") on their claim as brought against Safeway in the First Amended Complaint upon the ground that there is no genuine issue of material fact and that Defendant Safeway is entitled to judgment in its favor as a matter of law; and Plaintiffs having filed a Statement of Non-Opposition to Defendant's Motion for Summary Judgment,

IT IS HEREBY ORDERED as follows:

1. That summary judgment is granted and entered in favor of Defendant Safeway Inc. and against Plaintiffs Justin B. Dombkowski, Juan M. Chavez, Christine Lopez, Katherine Miles and

Dee Dee Smith, dismissing with prejudice the action as brought by these Plaintiffs against Defendant Safeway, with costs and disbursement as allowable to be taxed by the Clerk in favor of Defendant Safeway against all Plaintiffs.

The Court finds as follows:

Earlier in this action, Plaintiffs brought a motion to remand this case back to state court, where it was originally filed. In denying the motion to remand, this Court found that Plaintiffs' claim seeking penalties under the California Labor Code for Safeway's alleged failure to timely pay apprentice wage rate "step" increases provided for in the collective bargaining agreements between Safeway and the United Food and Commercial Workers Locals 101, 120, 373-R, 428, 588, 648, 839, 870 and 1179 (collectively "the UFCW Locals") covering Plaintiffs' employment, required an interpretation of the collective bargaining agreements. [Docket # 21.] As such, Plaintiffs' state law claim is completely preempted by Section 301 of the Labor Management Relations (LMRA), 29 U.S.C. § 185(a) and properly recharacterized as a federal Section 301 claim governed by substantive federal law principles.

The Safeway/UFCW Locals collective bargaining agreements all contain a mandatory grievance and arbitration procedure; one which is expressly made exclusive with respect to wage claims requiring an interpretation of the collective bargaining agreements. (CBAs, Sec. 18.1 and 18.8.) Employees like the Plaintiffs may not bring a Section 301 action in court against their employer unless the employees have exhausted the contractual grievance/arbitration procedures. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652-653, 85 S.Ct. 614, 616 (1965); *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 914 (1967); *DelCostello v. Int'l Bhd. Of Teamters,* 462 U.S. 151, 163, 103 S.Ct. 2281, 2290 (1983); *Atchley v. Heritage Cable Vision Associates,* 926 F.Supp 1381 (N.D. Ind. 1996), *affirmed,* 101 F.3d 496 (7th Cir. 1996)   An exception to this exhaustion rule exists, which permits an employee to obtain judicial review of a collective bargaining agreement contract claim despite a failure to exhaust contractual remedies, if the plaintiff can show that the union breached its duty of fair representation. *Vaca, supra,* 386 U.S. at 185-86, 87 S.Ct. at 914-15; *Hines v. Anchor Motor Freight,* 424 U.S. 554, 563, 96 S.Ct. 1048, 1055-56 (1976). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ORDER GRANTING DEFENDANT SAFEWAY'S
MOTION FOR SUMMARY JUDGMENT            2.            Case No. C 05 0736 JF

collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca, supra,* 386 U.S. at 190, 87 S.Ct. at 916.

Here, the UFCW Locals representing the Plaintiffs brought grievances under the collective bargaining agreements challenging the timing of Safeway's payment of the apprentice wage rate "step" increases. However, the UFCW Locals settled those grievances with Safeway short of arbitration through a final and binding written Settlement Agreement that did not resolve the underlying contractual dispute. Given this early settlement of the grievances, the Plaintiffs' recharacterized Section 301 action cannot be maintained as they have failed to exhaust the mandatory grievance/arbitration provisions in the collective bargaining agreements. Further, the Plaintiffs have neither pled, nor can prove, any excuse for failing to exhaust that contractual remedy – for example, any breach of the duty of fair representation by the UFCW Locals representing them. "[A] union does not breach its duty of fair representation ... merely because it settled the grievance short of arbitration." *Vaca, supra,* 386 U.S. at 191-192, 87 S.Ct. at 917-918. Accordingly, Defendant Safeway is entitled to summary judgment dismissing with prejudice the Plaintiffs' recharacterized Section 301 action.

Dated: 11/16, 2005

Jeremy Fogel /s/electronic signature authorized
U.S. DISTRICT COURT JUDGE

Firmwide:80303403.1 001153.1495

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ORDER GRANTING DEFENDANT SAFEWAY'S MOTION FOR SUMMARY JUDGMENT    3.    Case No. C 05 0736 JF